```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
DUANE COSTA,

                Petitioner,           MEMORANDUM & ORDER
                                      11-CR-0051(JS)
        -against-

UNITED STATES OF AMERICA,

                Respondent.
--------------------------------------X
APPEARANCES:
For Petitioner:    Samuel Jacobson, Esq.
                   Federal Defenders of New York, Inc.
                   1 Pierrepont Plaza, Sixteenth Floor
                   Brooklyn, New York 11201

For Respondent:    Alexander A. Solomon, Esq.
                   United States Attorney's Office
                   Eastern District of New York
                   610 Federal Plaza
                   Central Islip, New York 11722
```

SEYBERT, District Judge:

On June 23, 2016, petitioner Duane Costa ("Petitioner"), through counsel, filed a petition to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255 ("Section 2255") and Administrative Order 2016-05.  (See Mot., D.E. 148.) For the reasons that follow, Petitioner's motion is DENIED.

## BACKGROUND

The Court assumes familiarity with the background of this case.  However, by way of summary, on January 20, 2011, a grand jury charged Petitioner, along with four co-defendants, with

one count of Hobbs Act Robbery conspiracy in violation of 18 U.S.C. § 1951(a) and one count of Possession of a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(a)(i). (Indictment, D.E. 24).

On April 12, 2012, Petitioner pled guilty before Judge Leonard D. Wexler[1] to count one of the Indictment (Hobbs Act Robbery conspiracy) pursuant to a plea agreement with the Government.[2] (See Indictment; Apr. 12, 2012 Min. Entry, D.E. 84; Standard Plea Form, D.E. 83; Unsigned Plea Agmt., Ex. 1 to Gov't Opp, D.E. 218-1.) As part of the plea agreement, Petitioner agreed that he would not appeal or otherwise challenge his conviction or sentence if the Court sentenced him to a term of imprisonment of 210 months or less. (Standard Plea Form at ¶ 22.) As relevant here, the Presentence Investigation Report ("PSR") noted that Petitioner was convicted in State court for (1) attempted burglary armed with explosives/deadly weapon for forcibly entering a victim's home, demanding property, and brandishing a knife and handgun in 2001,

---

[1] This matter was reassigned to the undersigned on April 11, 2018.

[2] The transcript for Petitioner's guilty plea allocution is not filed on the docket. The Government advised the Court that it has been unable to obtain the transcript because the court reporter has retired. (Gov't Opp., D.E. 218, at p. 2.) The Government also attaches an unsigned version of the plea agreement while it attempts to obtain the signed copy from storage. The Court obtained a copy of the sentencing minutes; however, as of the date of this Order, the Court has not received the plea allocution transcript nor the signed plea agreement. Nonetheless, the Court has sufficient information to adjudicate Petitioner's claim.

2

and (2) attempted robbery in the second degree for robbing the victim at gunpoint in 2002 (the "State Convictions"). (PSR ¶¶ 41, 43.) Given the offense and Petitioner's criminal history, the Guidelines provided for a range of 151 to 188 months' incarceration (PSR ¶ 84) and Probation recommended 151 months' imprisonment followed by 3 years' supervised release (Probation Rec. at 1).

On June 5, 2013, Judge Wexler sentenced Petitioner to a term of seven years' imprisonment, to run concurrently with a State court conviction, followed by three years of supervised release. (See June 5, 2013 Min. Entry, D.E. 124; Judgment, D.E. 125.) In February 2017, Petitioner was released from federal custody and as of October 2019, and was under the supervision of the United States Probation Department. (Gov't Opp., D.E. 218, at p. 3.)

## DISCUSSION

On June 23, 2016, Petitioner, through counsel, moved to vacate his conviction under Section 2255 pursuant to Administrative Order 2016-05 arguing that he was improperly classified as a "career offender" under the Sentencing Guidelines based on offenses that were not "crimes of violence" under Johnson v. United States, 576 U.S. 591 (2015). (See Mot. at p. 4.) The Government opposes the petition arguing that (1) Beckles v. United States, 137 S. Ct. 886 (2017) forecloses Petitioner's claim (Gov't

3

Opp. at pp. 3-6) and (2) Petitioner is procedurally barred from habeas relief (Gov't Opp. at pp. 6-7).[3]

I. <u>The Section 2255 Standard</u>

28 U.S.C. § 2255(a) provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

To obtain relief under § 2255, a petitioner must demonstrate "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." <u>Cuoco v. United States</u>, 208 F.3d 27, 30 (2d Cir. 2000) (internal quotation marks and citations omitted). A petitioner must also show that the error had "substantial and injurious effect" that caused "actual prejudice." <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 637 (1993) (internal quotation marks and citations omitted); <u>Underwood v. United States</u>, 166 F.3d 84, 87 (2d Cir. 1999) (applying <u>Brecht</u> to a § 2255 motion).

---

[3] On January 17, 2020, Petitioner advised that he did not intend to reply. (Reply, D.E. 229.)

4

To "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). A Court must exercise its discretion sparingly because Section 2255 applications "are in tension with society's strong interest in the finality of criminal convictions." Elize v. United States, No. 02-CV-1530, 2008 WL 4425286, at *5 (E.D.N.Y. Sept. 30, 2008) (internal quotation marks and citation omitted); see also Brecht, 507 U.S. at 633–34.

II. *Beckles* Forecloses Petitioner's *Johnson* Claim[4]

In Johnson, the Supreme Court held that the Armed Career Criminal Act's ("ACCA") residual clause was unconstitutionally vague and violated due process because it left "grave uncertainty about how to estimate the risk posed by a crime." Johnson, 576 U.S. at 597. In Beckles v. United States, 137 S. Ct. 886 (2017), the Supreme Court considered whether Johnson's invalidation of the ACCA's residual clause rendered an identical clause in the Sentencing Guidelines unconstitutionally vague. The Court held that the Sentencing Guideline's residual clause (Section 4B1.2(a)) is "not void for vagueness" because the Guidelines are advisory

---

[4] There is no issue of procedural default where the Court sentenced Petitioner prior to Johnson. See, e.g., Aquino v. United States, No. 13-CR-0536, 2020 WL 1847783, at *2 (S.D.N.Y. Apr. 13, 2020) ("The Court finds that there was no procedural default in failing to raise a Johnson-type argument before Johnson was decided.").

5

and "do not fix the permissible range of sentences" and therefore are "not subject to vagueness challenges under the Due Process Clause." Id., 137 S. Ct. at 892. Thus, Beckles forecloses the challenge based on Johnson and Petitioner's State Convictions still qualify as "crimes of violence" under the Guidelines career-offender residual clause. See Apostolopuos v. United States, No. 04-CR-1220, 2017 WL 6034158, at *3 (S.D.N.Y. Nov. 21, 2017).

Moreover, the Court imposed a seven-year sentence, significantly below the Guidelines range of 151 to 188 months' imprisonment. (See Sent'g Tr. at 10:16-17 ("I'm not going to give you the high guidelines, but you'll have to learn to obey the rules.").) As such, "the discretion the Court exercised in sentencing Petitioner is a prime example of why the Supreme Court [in Beckles] found the due process implications of the residual clause in the U.S.S.G. to be distinct from the identical language in ACCA." Ortiz v. United States, No. 06-CR-0532, 2018 WL 1701934, at *3 (E.D.N.Y. Mar. 30, 2018)

Petitioner also argues that "conspiracy to commit Hobbs Act robbery, New York attempted second degree robbery, and New York attempted burglary armed with explosives or deadly weapon are not 'crimes of violence' under the 'force clause' found in" Section 4B1.2(a) of the Guidelines. (Mot. at p. 4.) These arguments are without merit because "even if the residual clause used to define a crime of violence under the Sentencing Guidelines had been

invalidated," Defendant's State Convictions "that were used in the determination at sentencing of whether he was a career offender would independently qualify categorically as crimes of violence under the separate elements-based 'force' clause of U.S.S.G. § 4B1.2(a)." Hueston v. United States, No. 14-CR-0332, 2019 WL 6170836, at *2 (S.D.N.Y. Nov. 19, 2019). The offenses, for attempted second degree robbery and attempted burglary armed with explosives or deadly weapons, each are crimes of violence under the "force cause." See United States v. Pereira-Gomez, 903 F.3d 155, 166 (2d Cir. 2018) (holding that "attempted robbery under New York law is a 'crime of violence' under" the "force clause."); Unites States v. Jones, 878 F.3d 10, 14 (2d Cir. 2017) ("it would seem that . . . robbery of any degree in New York qualifies as a crime of violence") (emphasis in original); Wilson v. United States, No. 13-CR-0777, 2019 WL 3752476, at *4 (S.D.N.Y. Aug. 8, 2019) ("[Petitioner's] conviction for burglary was a crime of violence under § 4B1.2(a)(2) of the Guidelines.").

Therefore, Petitioner's motion to vacate his conviction and sentence is DENIED.[5] See, e.g., Lesane v. United States, No.

---

[5] In United States v. Booker, 543 U.S. 220, 245, 259 (2005), the Supreme Court held that the mandatory application of the Sentencing Guidelines was unconstitutional and construed the Guidelines as advisory. Beckles leaves open the question of whether defendants sentenced prior to Booker could assert vagueness challenges to their sentence. However, no such issue exists here because the Court sentenced Petitioner some years after Booker.

7

12-CR-0524, 2020 WL 353454, at *12 (S.D.N.Y. Jan. 20, 2020) (citing Beckles and stating that "to the extent that [petitioner's] petition is premised on the argument that U.S.S.G. § 4B1.2(a)(2) is unconstitutionally vague, his petition will be denied.").

III. Petitioner's Motion is Untimely

In light of Beckles, Petitioner's Section 2255 motion "must also be denied as untimely" because he "can no longer allege that his petition relies on a new rule of constitutional law made retroactively applicable to his case." Apostolopuos, 2017 WL 6034158, at *3. The Court declines to consider the Government's remaining procedural arguments.[6]

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

---

[6] Specifically, in light of the Court's inability to review Petitioner's signed plea agreement and plea allocution transcript, the Court does not reach whether Petitioner waived his right to collaterally attack his conviction and sentence. In any event, Petitioner does not argue that his plea, or the appeal waiver, was involuntary and unknowing such that it is unenforceable.

CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate his sentence (D.E. 148) is DENIED. The Court declines to issue a certificate of appealability because he has not made a substantial showing that he was denied a constitutional right. See 28 U.S.C. § 2253(c)(2). The Clerk of the Court is respectfully directed to mark the corresponding civil case pending at Case No. 16-CV-3414 as CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November  16 , 2020
       Central Islip, New York